Gregg McLean Adam, Bar No. 203436
  gregg@majlabor.com
Wendi J. Berkowitz, Bar No. 145624
  wendi@majlabor.com
D. Paul Bird II, Bar No. 202066
  paul@majlabor.com
**MESSING ADAM & JASMINE LLP**
235 Montgomery St., Suite 828
San Francisco, California 94104
Telephone:   415.266.1800
Facsimile:    415.266.1128

Attorneys for Plaintiffs TAIRA DE BERNARDI, STEPHEN VAL KIRWAN, *et al.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| TAIRA DE BERNARDI, STEPHEN VAL KIRWAN, *et al.*<br><br>            Plaintiffs,<br><br>      v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>            Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND UNPAID COMPENSATION UNDER THE FAIR LABOR STANDARDS ACT**<br><br>**COLLECTIVE ACTION**<br><br>[29 U.S.C. §201 *ET SEQ.*; 28 U.S.C. §§ 2201, 2202]<br><br>[JURY TRIAL DEMANDED] |

## I.
## PRELIMINARY STATEMENT

1.   Plaintiffs TAIRA DE BERNARDI and STEPHEN VAL KIRWAN ("Plaintiffs") are or were non-exempt employees of Defendant City and County of San Francisco ("Defendant" or "City") and bring this action on behalf of themselves and other similarly situated individuals. This is an action for a declaratory judgment under 28 U.S.C. sections 2201 and 2202 and for unpaid overtime and other compensation, interest thereon, liquidated damages, costs of suit and reasonable attorney fees, and other relief under the Fair Labor Standards Act, 29 U.S.C. section 201, *et seq.*, ("Fair Labor Standards Act" or "FLSA").

## II.
## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred on this Court by 28 U.S.C. sections 1331 and 1337, and 29 U.S.C. sections 207, *et seq.* and 216(b). Venue lies within this district pursuant to 28 U.S.C. section 1391.

## III.
## PARTIES

3. Plaintiffs are or were non-exempt employees of Defendant and, while employed by the City, are or were "employees" within the meaning of 29 U.S.C. section 203(e), *et seq.*, from no later than three years prior to the filing date of the complaint until present, who are entitled to the rights, protections, and benefits provided under the FLSA.

4. Plaintiffs bring this action on behalf of themselves and other similarly situated individuals who are or were non-exempt City employees due compensation under the FLSA on a variety of work periods, including a partial overtime exemption under 29 U.S.C section 207(k) for law enforcement and fire protection personnel and non-207(k) schedules. The amount of payments due may vary by employee. These individuals constitute a well-defined community of interest in the questions of law and fact in this case.

5. Plaintiffs' claims are typical of the claims of those similarly situated. Plaintiffs will fairly and adequately reflect and represent the interests of those similarly situated and have retained counsel competent and experienced in the litigation of FLSA claims and Collective Actions.

6. There are no conflicts as to the individually named Plaintiffs and other members of the class with respect to this action or with respect to the claims for relief set forth herein.

7. Defendant City and County of San Francisco is a political subdivision of the State of California, an "employer" within the meaning of 29 U.S.C. section 203(d), an "enterprise" under 29 U.S.C. section 203(r), and a "public agency" within the meaning of 29 U.S.C. section 203(x), and employs or employed Plaintiff and others similarly situated.

MESSING ADAM &
JASMINE LLP
ATTORNEYS AT LAW

00049849-9

2

Case No.

COMPLAINT FOR DECLARATORY JUDGMENT AND UNPAID COMPENSATION UNDER THE FLSA

# IV.
# FACTS

8. Police officers must work 171 hours within 28 days before being entitled to overtime. *See* "Memorandum of Understanding Between City and County of San Francisco and San Francisco Police Officers' Association Units P-1 and P-2A July 1, 2007 – June 30, 2018" at p. 30, Section 2(A), ¶2 and attached hereto as **Exhibit A**.

9. Plaintiffs and other similarly situated individuals who are or were required to work overtime could request to earn compensatory time-off ("CTO") in lieu of paid overtime. **Ex. A** at p. 30, Section 2(B)(1). Effective July 1, 2003, employees could not accrue more than 480 hours of CTO and upon accruing 480 hours, could not accrue additional CTO until their CTO balance fell below 480 hours. *Id.* at p. 30, Section 2(B)(1)(a). Effective June 30, 2010, the CTO cap fell to 300 hours -- employees could not accumulate CTO balances in excess of 300 hours, and although they could maintain their already-accrued CTO balance in excess of 300 hours, they could not accrue additional CTO until the balance dropped below 300 hours. *Id.* at p. 31, Section 2(B)(1)(b). Effective July 1, 2008, employees promoted to a higher rank had their CTO balances paid out at a lower rank prior to promotion but, at their option, could maintain up to 80 hours accrual. *Id.* at p. 31, Section 2(B)(1)(d). Defendant had and has the right, at its discretion, to pay out accrued CTO above 480 hours . *Id.* at p. 31, Section 2(B)(1)(e).

10. Until the pay period beginning on April 7, 2018, Defendant cashed out CTO at the base rate of pay. *See* February 14, 2018 letter of the Employee Relations Director of San Francisco Carol Isen to the President of the San Francisco Police Officers Association Martin Halloran at ¶ 3 and attached hereto as **Exhibit B**.

11. Starting with the pay period of April 7, 2018, Defendant represented that it would begin cashing out CTO based on the FLSA regular rate of pay at the time of the cash out, *e.g.*, separation, promotion. **Ex. B** at ¶3.

12. Until the pay period beginning on April 7, 2018, and possibly thereafter, when an employee used CTO Defendant paid CTO at the base rate of pay including any status/assignment-based premiums that the employee regularly earned. *Id.* at ¶4. Starting with the pay period of April

7, 2018, when an employee used CTO, Defendant began paying the CTO based on the FLSA regular rate of pay. *Id.*

13. Prior to the April 7, 2018 pay period, and possibly thereafter, Defendant's compensation computation method was illegal in two ways. First, it undercalculated Plaintiffs' "regular rate of pay" by cashing out CTO at a lower rate than required by law whenever Defendant cashed out CTO hours. Second, when employees exercised their option to use some or all of their CTO balances to take paid leave, Defendant undercalculated Plaintiffs' "regular rate of pay" by paying those CTO hours at a lower rate than required by law. Defendant's method of calculating Plaintiffs' regular rate of pay resulted in under-payment for overtime hours worked. Defendant permitted Plaintiffs to perform overtime work without proper compensation.

14. Defendant conceded that, prior to the April 7, 2018 pay period, and possibly thereafter, it violated the FLSA by cashing out CTO at the base rate of pay rather than based on the regular rate of pay at the time of the cash-out.

15. Since 1984, Defendant, like all other public agencies, has not been exempt from properly compensating Plaintiffs and others similarly situated for their CTO.

16. From 2008 to the present, Defendant has employed Plaintiff TAIRA DE BERNARDI (Plaintiff DE BERNARDI) as a San Francisco Police Officer. During the three years prior to the filing of this complaint, Plaintiff DE BERNARDI worked many shifts at night, and worked overtime and requested to earn CTO in lieu of paid overtime. In September of 2015, when he was promoted to Sergeant, the City required Plaintiff DE BERNARDI to cash out 189 CTO hours which the City paid at the base rate of pay. Within the three years before the filing of this Complaint, Plaintiff DE BERNARDI has also used CTO hours to take paid leave.

17. From March 1996 until June 30, 2018, Defendant employed Plaintiff STEPHEN VAL KIRWAN (Plaintiff KIRWAN) as a San Francisco Police Officer. During the three years prior to the filing of this complaint, Plaintiff KIRWAN worked as a canine officer, worked many shifts at night, and worked overtime and requested to earn CTO in lieu of paid overtime. On June 30, 2018, Plaintiff KIRWAN retired and cashed out 411 CTO hours which the City paid at the base

rate of pay. Within the three years before the filing of this Complaint, Plaintiff KIRWAN has also used CTO hours to take paid leave.

18. Plaintiffs and others similarly situated are currently unable to state the exact amounts owing to them at this time as Plaintiffs' and similarly situated individuals' employment and work records are in the exclusive possession, custody, and control of the City. See *Greg Landers v. Quality Communications, Inc.* (2015) 771 F.3d 638, 641, 645 (*Landers*) (pleading of detailed facts in an FLSA complaint is not required especially as most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendant).

19. Defendant knew or should have known of its obligation to cash out CTO based on the FLSA regular rate of pay at the time of the cash-out (*e.g.*, separation, promotion) and knew or should have known that when an employee used CTO, it should have paid the CTO based on the FLSA regular rate of pay, but in each case, Defendant failed to do so. Thus, Defendant failed to pay Plaintiffs and others similarly situated their proper overtime compensation.

20. Defendant acted voluntarily and deliberately in maintaining an intentional practice of failing to compensate Plaintiffs and others similarly situated in accordance with the FLSA.

21. Doing all things alleged, Defendant has deprived Plaintiffs and others similarly situated of their rights, privileges, and immunities which were clearly established at the time Defendant acted herein and Defendant knew or should have known that its conduct would violate those rights, privileges, and immunities. Defendant acted with intent to deprive Plaintiffs and others similarly situated of their rights, privileges, and immunities by purposely and intentionally refusing and failing to pay or compensate Plaintiffs for hours they provided.

22. As a direct and proximate result of its failure and refusal to pay proper overtime compensation in connection with CTO, Defendant has violated the FLSA, 29 U.S.C. section 201, *et seq*.

## V.
## CLAIM FOR RELIEF

23. Plaintiffs and others similarly situated are entitled to a declaratory judgment finding that Defendant has willfully, unreasonably, wrongfully, and without good faith, violated its statutory

and legal obligations, and deprived Plaintiffs and others similarly situated of their rights, protections and entitlements under federal law, as alleged herein.

24. Plaintiffs and others similarly situated are entitled to an order for a complete and accurate accounting of all the compensation to which Plaintiffs and others similarly situated are entitled.

25. Plaintiffs and others similarly situated have been damaged as a direct and proximate result of Defendant's conduct in an amount according to proof at trial including, but not limited to, a sum equivalent to their unpaid overtime compensation as required by 29 U.S.C. § 216(b).

26. Plaintiffs and others similarly situated are entitled to liquidated damages in a sum equal to the amount of the unpaid compensation due and owing, plus pre-judgment and post-judgment interest, pursuant to 29 U.S.C. § 216(b).

27. Plaintiffs and others similarly situated are entitled to back pay under a two (2) year statute of limitations, or three (3) year statute of limitations if Defendant is found to have acted willfully.

28. Plaintiffs and others similarly situated are entitled to reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b) and costs incurred in pursuit of this action, pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

29. Plaintiffs and others similarly situated are entitled to any and all other relief, including equitable relief, as the Court deems just and proper.

Dated: July 30, 2018					MESSING ADAM & JASMINE LLP


						By	*/s/ Gregg McLean Adam*
							GREGG MCLEAN ADAM
							WENDI J. BERKOWITZ
							D. PAUL BIRD II
							Attorneys for Plaintiffs

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby respectfully requests a trial by jury on all claims so triable by a jury.

Dated: July 30, 2018                    MESSING ADAM & JASMINE LLP

By    */s/ Gregg McLean Adam*
GREGG MCLEAN ADAM
WENDI J. BERKOWITZ
D. PAUL BIRD II
Attorneys for Plaintiffs