Gregg McLean Adam, Bar No. 203436
　gregg@majlabor.com
Wendi J. Berkowitz, Bar No. 145624
　wendi@majlabor.com
Monique Alonso, Bar No. 127078
　monique@majlabor.com
**MESSING ADAM & JASMINE LLP**
235 Montgomery St., Suite 828
San Francisco, California 94104
Telephone:　415.266.1800
Facsimile:　415.266.1128

Attorneys for Plaintiffs
TAIRA DE BERNARDI, STEPHEN VAL KIRWAN, *et al.*

DENNIS J. HERRERA, Bar No. 139669
City Attorney
KATHARINE HOBIN PORTER, Bar No. 173180
Chief Labor Attorney
JONATHAN YANK, Bar No. 215495
JOSEPH M. LAKE, Bar No. 246679
Deputy City Attorneys
Fox Plaza
1390 Market Street, Floor Five
San Francisco, California  94102-5408
Telephone;　(415) 554-3896
Facsimile:　(415) 554-3816
Email:　jonathan.yank@sfcityatty.org
　joseph.m.lake@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| TAIRA DE BERNARDI, STEPHEN VAL KIRWAN, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>　　　　Defendant. | Case No.  4:18-cv-04597-HSG<br><br>**STIPULATION AND [PROPOSED] ORDER RE: CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION AND APPROVAL OF CLASS NOTICE**<br><br>Complaint Filed:  July 30, 2018<br><br>Before:  Hon. Haywood S. Gilliam, Jr. |

MESSING ADAM &
JASMINE LLP
ATTORNEYS AT LAW

Case No. 4:18-cv-04597-HSG
STIPULATION AND [PROPOSED] ORDER RE: CONDITIONAL CERTIFICATION
OF COLLECTIVE ACTION AND APPROVAL OF CLASS NOTICE

# RECITALS

**A.     Summary of the Parties' Contentions**

Plaintiffs are current or former employees of Defendant City and County of San Francisco ("City"). Plaintiffs contend that the City improperly calculated the regular rate of pay when it cashed out and/or Plaintiffs used Compensatory Time Off ("CTO"). Plaintiffs contend that the City's improper calculation of the rate of pay for CTO resulted in under-payment for overtime hours Plaintiffs worked.

Plaintiffs seek a declaratory judgment, an accounting of the compensation to which Plaintiffs contend they are entitled, monetary damages in the form of three years' of back pay for cashed out or used CTO at the proper overtime rates, liquidated damages equal to each Plaintiff's monetary back pay damages, pre-judgment and post-judgment interest, and an award of reasonable attorneys' fees. Plaintiffs bring their claims on behalf of all current or former employees of the City, with the exception of persons eligible to opt-in to the collective action in *Wazwaz v. City and County of San Francisco,* U.S.D.C. Case No. 4:18-cv-05580-HSG, a collective action seeking to represent current and former members of the bargaining units represented by the Deputy Sheriffs' Association ("DSA") and the Sheriff Managers and Supervisors' Association ("MSA"), as a Collective Action pursuant to 29 U.S.C. section 201, *et seq*.

The City denies Plaintiffs' allegations and that putative class members are similarly situated, and it contends that even if the allegations regarding the calculation of the regular rate of pay for cash-out or use of CTO have merit, Plaintiffs nonetheless have not incurred any damages. The City contends that it is currently in compliance with applicable law. The City denies that any Fair Labor Standards Act ("FLSA") violation was willful or done in bad faith, and therefore denies that Plaintiffs are entitled to a three-year statute of limitations for their back pay claims or to liquidated damages.

**B.     Conditional Certification of Collective Action**

Plaintiffs seek an order to conditionally certify this matter as a Collective Action pursuant to section 16(b) of the FLSA, 29 U.S.C. section 216(b), and for facilitated notice to all such persons of this action.

MESSING ADAM & JASMINE LLP
ATTORNEYS AT LAW

2                                                                  Case No. 4:18-cv-04597-HSG
STIPULATION AND [~~PROPOSED~~] ORDER RE: CONDITIONAL CERTIFICATION
OF COLLECTIVE ACTION AND APPROVAL OF CLASS NOTICE

For purposes of judicial economy, the parties have agreed to conditional certification of this matter as a Collective Action and that facilitated notice may proceed, while preserving the City's right to move for decertification of the Collective Action after further discovery and preserving all of the City's affirmative defenses.

**STIPULATIONS**

1. Plaintiffs' claims will proceed as a Conditional Collective Action under 29 U.S.C. section 216(b) on behalf of all persons employed by the City (with the exception of those classified as "Exempt" in the City's Compensation Manual by the "Z" designation, and current and former members of the bargaining units represented by the DSA and the MSA) who: (1) worked some overtime; (2) earned CTO in lieu of overtime pay; (3) received pay premiums, differentials or other remuneration over and above their base hourly salary rate at the time CTO was earned; and (4) between July 31, 2015 and the date of the Court's order approving this Stipulation, used CTO to take paid leave and/or had CTO cashed out by the City.

2. Within thirty (30) days after the Court issues an order approving this Stipulation, the parties will meet and confer in an effort to agree on a third-party administrator to mail the court-approved FLSA Notice of Consent to Join form and contingent fee agreement to all persons described in paragraph 1 and to receive returned materials. If the parties are unable to agree on a third-party administrator, they will jointly ask the Court to appoint one. Plaintiffs will bear all costs of retaining the thirty-party administrator. By permitting counsel for Plaintiffs to enclose a contingent fee agreement in the same mailing as the FLSA Notice of Consent to Join form, the City is not agreeing that contingent fees or any other non-statutory fees are appropriate or authorized in this action.

3. Within thirty (30) days after assignment of a third-party administrator, the City will produce to the third-party administrator a list (in either Word or Excel format on a thumb drive or other similar PC-computer compatible drive) of the names and last known addresses of all persons described in paragraph 1 (the "Mailing List"). Those names and addresses will be kept confidential by the third-party administrator and used solely for the purpose of the mailing of notices and contingent fee agreements as provided herein, and not for any other purpose.

MESSING ADAM & JASMINE LLP
ATTORNEYS AT LAW

3     Case No. 4:18-cv-04597-HSG
STIPULATION AND [PROPOSED] ORDER RE: CONDITIONAL CERTIFICATION
OF COLLECTIVE ACTION AND APPROVAL OF CLASS NOTICE

4. As soon as practicable, but not later than fifteen (15) days after receipt of the Mailing List, the third-party administrator will mail the Court-approved FLSA Notice and Consent to Join form, attached hereto as Exhibit A, and contingent fee agreements, to all persons described in paragraph 1 (and identified by the City in the Mailing List). In the event that FLSA Notice and Consent to Join forms and contingent fee agreements are returned as undeliverable to putative class members, the third-party administrator will attempt to obtain current addresses of such putative class members and will re-mail the Court-approved FLSA Notice and Consent to Join form and contingent fee agreement to any such addresses so obtained.

5. As soon as practicable, but not later than thirty (30) days before the close of the opt-in period, the third-party administrator will give notice (and supplemental notices, as necessary) to the City of the names of putative class members for whom delivery has not been accomplished following the steps outlined in paragraph 4. Within fifteen (15) days of receipt of such names, the City will review its records to verify that the addresses provided to the third-party administrator are accurate.

6. Sixty (60) days after the third-party administrator has mailed the Court-approved FLSA Notice and Consent to Join form and contingent fee agreement, the opt-in period will close. Each Consent to Join form and signed contingent fee agreement will be postmarked or faxed to the third-party administrator not later than sixty (60) days after the date that the third-party administrator mails the FLSA Notice and Consent to Join and contingent fee agreement (*i.e.*, not later than the close of the opt-in period). Any forms not conforming to the foregoing will be disregarded. Within ten (10) days after the close of the opt-in period, the third-party administrator will produce copies of all conforming forms and signed agreements to counsel for Plaintiffs and the City. Within twenty (20) days of such production, Plaintiffs' counsel will have filed all Consent to Join forms with the Court.

///
///
///
///

4 Case No. 4:18-cv-04597-HSG
STIPULATION AND [PROPOSED] ORDER RE: CONDITIONAL CERTIFICATION
OF COLLECTIVE ACTION AND APPROVAL OF CLASS NOTICE

MESSING ADAM &
JASMINE LLP
ATTORNEYS AT LAW

7. The City reserves its right to move for decertification of this collective action, in whole or in part, at any time.

Dated: January 18, 2019　　　　　　　　　MESSING ADAM & JASMINE LLP


By　　*/s/ Wendi J. Berkowitz*
　　　Gregg McLean Adam
　　　Wendi J. Berkowitz
　　　Monique Alonso
　　　Attorneys for Plaintiffs
　　　TAIRA DE BERNARDI, STEPHEN VAL KIRWAN, et al.

Dated: January 18, 2019　　　　　　　　　DENNIS J. HERRERA
　　　　　　　　　　　　　　　　　　　　City Attorney
　　　　　　　　　　　　　　　　　　　　KATHARINE HOBIN PORTER
　　　　　　　　　　　　　　　　　　　　Chief Labor Attorney
　　　　　　　　　　　　　　　　　　　　JONATHAN YANK
　　　　　　　　　　　　　　　　　　　　JOSEPH M. LAKE
　　　　　　　　　　　　　　　　　　　　Deputy City Attorneys


By　　*/s/ Jonathan Yank*
　　　Attorneys for Defendant
　　　CITY AND COUNTY OF SAN FRANCISCO

00060352-2

MESSING ADAM & JASMINE LLP
ATTORNEYS AT LAW

5　　　　　　　　　　　　　　Case No. 4:18-cv-04597-HSG
STIPULATION AND [PROPOSED] ORDER RE: CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION AND APPROVAL OF CLASS NOTICE

**[PROPOSED] ORDER**

Pursuant to the parties' Stipulation, and good cause appearing, the Court orders as follows:

1. The Court conditionally certifies this action as a Collective Action pursuant to 29 U.S.C. Section 216(b). The members of the Collective Action are defined as follows: All persons employed by the City (with the exception of those classified as "Exempt" in the City's Compensation Manual by the "Z" designation, and current and former members of the bargaining units represented by the DSA and the MSA) who (1) worked some overtime, (2) earned CTO in lieu of overtime pay, (3) received pay premiums, differentials or other remuneration over and above their base hourly salary rate at the time CTO was earned, and (4) between July 31, 2015 and the date of the Court's order approving this Stipulation, used CTO to take paid leave and/or had CTO cashed out by the City.

2. The Court approves the Notice and Consent to Join forms, attached hereto as Exhibit A, and orders that notice be sent to the members of the Collective Action as set forth in the Stipulation.

**IT IS SO ORDERED.**

Dated: 1/22/2019

Honorable Haywood S. Gilliam, Jr.
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT A

# NOTICE OF COLLECTIVE ACTION

## De Bernardi, et al. v. City and County of San Francisco

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,
**Case No. 4:18-cv-04597-HSG**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*


If you are or were employed with the City and City of San Francisco ("City") (and are not a current or former member of a bargaining unit represented by the Deputy Sheriffs' Association ("DSA") or the Sheriffs' Managers and Supervisors Association ("MSA")), and

- were not exempt from the overtime requirements of the Fair Labor Standards Act,
- worked some overtime, earned Compensatory Time Off ("CTO") in lieu of overtime pay,
- received pay premiums, differentials or other forms of remuneration over and above your base hourly salary rate at the time you earned your CTO, and
- between July 31, 2015 and <<*enter date of order*>>, used CTO to take paid leave and/or had CTO cashed out by the City,

this notice describes your rights arising from a collective action lawsuit against the City. **It is important that you read this notice carefully.**

**Why did I get this notice?** You received this notice because City records show that you may be or may have been a non-exempt employee of the City (and not a current or former member of a bargaining unit represented by the DSA or the MSA), worked some overtime, earned CTO in lieu of overtime pay, received pay premiums, differentials or some other pay in addition to your base hourly salary rate at the time you earned your CTO, and between July 31, 2015 and <<*enter date of order*>>, used CTO to take paid leave and/or had CTO cashed out by the City. The Court has conditionally certified a lawsuit brought by employees Taira De Bernardi and Stephen Val Kirwan ("Plaintiffs") against the City as a Collective Action. **You may have rights that will be impacted by this lawsuit.**

**What is this lawsuit about?** Plaintiffs are current or former employees of the City. **Plaintiffs contend that the City has underpaid its employees who used or cashed out CTO.** Specifically, Plaintiffs contend that the City improperly calculated the regular rate of pay when the City cashed out and/or Plaintiffs used CTO, which Plaintiffs opted to earn in lieu of paid overtime. Plaintiffs further contend that the City's incorrect calculation of the value of CTO has resulted in under-payment for overtime hours Plaintiffs worked. Plaintiffs seek a declaratory judgment, an accounting of the compensation to which Plaintiffs are entitled, monetary damages in the form of three years' of back pay compensation at the proper overtime rates, liquidated damages equal to each Plaintiff's compensation, pre-judgment and post-judgment interest, and an award of reasonable attorneys' fees.

The City denies Plaintiffs' allegations, and contends that even if Plaintiffs' allegations regarding the correct calculation of the regular rate of pay for cash-out or use of CTO of non-exempt employees are found to have merit, Plaintiffs nonetheless have not incurred any damages. The City denies that any Fair Labor Standards Act ("FLSA") violation was willful or done in bad faith, and therefore denies that Plaintiffs are entitled to a three-year statute of limitations or to liquidated damages.

This lawsuit is in the early stages of litigation. Plaintiffs and the City have stipulated to conditional certification of this matter as a Collective Action and that this Notice be sent to you to provide information about the case and give you an opportunity to join the case by submitting a Consent to Join form and signing a contingent fee agreement with Plaintiffs' counsel. The Court has taken no position in this case regarding the merits of Plaintiffs' claims or the City's defenses.

**How can I participate in this lawsuit?** If you want to participate in this lawsuit, you must take affirmative steps to join the lawsuit. You must complete, sign, and either fax, scan and e-mail, or mail, a copy of the Consent to Join form, which is attached to this Notice, to the Third Party Administrator identified below. The Consent to Join form will be accompanied by a contingent fee agreement that you will also be asked to sign and return. You will be permitted to participate in this lawsuit if you sign the Consent to Join form, whether or not you agree to the proposed contingent fee agreement.

**If mailed, your signed Consent to Join form must be postmarked no later than <<*enter date which is 60 days after the mailing date as determined by paragraph 4 of the parties' Stipulation*>>**

**If faxed or e-mailed, your signed Consent to Join form must be successfully transmitted no later than <<*enter date which is 60 days after the mailing date as determined by paragraph 4 of the parties' Stipulation*>>**

If your Consent to Join form is not postmarked or successfully faxed or e-mailed by the applicable deadline, you will not be allowed to participate in this lawsuit. If you send a Consent to Join form to the Third Party Administrator and then move or change your address, please immediately advise the Third Party Administrator of your new contact information.

**Federal law prohibits the City or its agents from taking any action against you or otherwise retaliating against you because you elect to join this action by filling out and returning the Consent to Join form, or otherwise exercising your rights under the FLSA.**

**Do I have to pay attorneys' fees?** Only if the claims succeed, Plaintiffs' counsel may ask the Court to award them a percentage of the amounts recovered, or may seek attorneys' fees from the City, or may seek some combination of both.

**What is the effect of joining this lawsuit?** If you file a Consent to Join form and the Court permits your claims to proceed as part of the Collective Action, you will be bound by any judgment regarding the FLSA claims in the lawsuit, whether favorable or unfavorable to Plaintiffs. If you choose to join this Collective Action by timely sending a Consent to Join form and a signed

contingent fee agreement, you will be represented by the law firm currently representing Plaintiffs. If you timely sign and return the Consent to Join form, you are joining this lawsuit whether or not you sign the contingent fee agreement.  In the event Plaintiffs obtain a favorable result, class counsel may be paid either by the City or they may, either in addition to or instead of payment from City, receive a percentage of any money judgment or settlement in favor of you, or others similarly situated, as agreed by contract and/or ordered by the Court.

If you join the lawsuit, you should be aware that important decisions concerning the prosecution of this case may be made on your behalf.

Participating in the lawsuit by returning the Consent to Join form and the contingent fee agreement means that you may be required to give testimony or provide other evidence in the lawsuit.

**What is the effect of not joining this lawsuit?**  If you choose not to join this Collective Action, you will not be bound by any judgment whether it is favorable or unfavorable to Plaintiffs and the collective class.  If Plaintiffs obtain a favorable outcome, you will not be entitled to any of the proceeds obtained by Plaintiffs.  If you choose not to file a Consent to Join form, you are free to file your own lawsuit, and the statute of limitations will continue to run until such time as you file a lawsuit on your own behalf.

**How can I get more information about this lawsuit?**  If you have questions about the lawsuit, this Notice, the Consent to Join form, or the contingent fee agreement, you may contact the Third Party Administrator administering this Notice and consent process at:

<<*enter name, address, telephone, e-mail contact information for Third Party Administrator*>>

**Please do not contact the Court or any Court personnel for information**

*De Bernardi, et al. v. City and County of San Francisco*
**Case No. 4:18-cv-04597-HSG**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

**CONSENT TO JOIN ACTION
(FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b))**

I understand that this lawsuit is being brought in California under the Fair Labor Standards Act (29 U.S.C., Chapter 8). I consent, agree, and opt-in to become a party plaintiff to this lawsuit.

This lawsuit is being pursued on my behalf and on behalf of similarly-situated employees of the City and County of San Francisco pursuant to Section 16(b) of the Fair Labor Standards Act (29 U.S.C. § 216(b)). The lawsuit alleges that the City and County of San Francisco, my employer, failed to properly compensate me and other non-exempt employees at the legally-required overtime rate of pay, when the City cashed out, and/or I used, some or all of my Compensatory Time Off ("CTO"). Underpaid CTO, liquidated damages, attorneys' fees, costs, and other relief are sought in the lawsuit.

I agree to be bound by any adjudication of this lawsuit by the Court, whether it is favorable or unfavorable, or any settlement of this lawsuit, and agree to designate the named Plaintiffs (Plaintiffs Taira De Bernardi and Stephen Val Kirwan) as my agents. I understand that I will be bound by the decisions and agreements made by and entered into by the named Plaintiffs. I hereby designate the named Plaintiffs' attorneys to represent me in this action.

I am or was employed by the City and County of San Francisco as a non-exempt employee (and am not and was not a member of a bargaining unit represented by the Deputy Sheriffs' Association or the Sheriffs' Managers and Supervisors Association) who worked some overtime hours, earned CTO in lieu of overtime pay, received pay premiums or differentials or other forms of remuneration over and above my base hourly salary rate at the time I earned CTO, and between July 31, 2015 and *<<enter date of order>>*, used some or all of my CTO to take paid leave and/or had some or all of my CTO cashed out by the City.

Signature: _____ Date: _____

Print Name: _____

US Mail Address: _____

E-mail Address: _____ Telephone: _____

00058136-3